GLEN B. McCORMICK
Acting United States Attorney
District of Arizona
CRAIG H. RUSSELL
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: craig.russell@usdoj.gov
Attorneys for Plaintiff

FILED ✓   LODGED
RECEIVED   COPY

JUN 29 2021

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America, | CR No. 20-00254-TUC-JGZ(BGM) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Shateria Morse, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

<u>PLEA</u>

1.      The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Conspiracy to Acquire a Controlled Substance by Fraud, Forgery, Deception, or Subterfuge in violation of Title 21, United States Code, Sections 843(a)(3) and 846.

<u>Elements of the Offense</u>

2.      The elements of the offense are as follows:

a. The defendant agreed with at least one other person to commit the offense of obtaining codeine, a Schedule V controlled substance, by misrepresentation, fraud, forgery, deception, or subterfuge; and

b. The defendant became a member of the conspiracy knowing its object and intending to accomplish it.

1
2
## Maximum Penalties
3
4       3.      The defendant understands that the maximum penalties for the offense to
5  which he/she is pleading are a fine of $250,000.00, a term of imprisonment of four years,
  and a term of one year of supervised release.
6
7       4.      The defendant agrees to pay a fine unless the defendant establishes the
  applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.
8
9       5.      Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment
10 of $100.00 per felony count.  The special assessment is due and payable at the time the
11 defendant enters the plea of guilty, and shall be paid no later than the time of sentencing
12 unless the defendant is indigent.  If the defendant is indigent, the special assessment will
13 be collected according to the provisions of Chapters 227 and 229 of Title 18, United States
   Code.
14
## Drug Conviction & Immigration Consequences
15
16      6.      The defendant understands and acknowledges that pleading guilty may result
17 in the termination or denial of certain food stamp, social security, and other benefits for
   defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.
18
19      7.      The defendant recognizes that pleading guilty may have consequences with
20 respect to his/her immigration status if the defendant is a recently naturalized United States
21 citizen or is not a citizen of the United States.  Under federal law, a broad range of crimes
22 are removable offenses, including the offense(s) to which defendant is pleading guilty.
23 Although there may be exceptions, the defendant understands that the defendant's guilty
24 plea and conviction for this offense make it practically inevitable and a virtual certainty
25 that the defendant will be removed or deported from the United States.  The defendant
26 agrees that he/she has discussed this eventuality with his/her attorney.  The defendant
   nevertheless affirms that he/she wants to plead guilty regardless of any immigration
27
28

- 2 -

1  consequences that this plea entails, even if the consequence is the defendant's automatic
2  removal from the United States.

3  ### STIPULATIONS, TERMS AND AGREEMENTS

4  #### Agreements Regarding Sentencing

5  8.   Guideline Calculations: Although the parties understand that the Guidelines
6  are only advisory and just one of the factors the Court will consider under 18 U.S.C.
7  § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties
8  stipulate and agree that the following guideline calculations are appropriate for the charge
9  for which the defendant is pleading guilty should the Court find that the defendant was an
10  average participant in the offense:

11  | Base Offense Level | 2D2.2 | 8 |
12  | Manager or Supervisor | 3B1.1(b) | +3 |
13  | Acceptance of Responsibility | 3E1.1(a) | -2 |
14  | Total Adjusted Offense Level: | | 9 |

15  9.   Sentencing Agreement:  Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the
16  government and the defendant stipulate and agree that the following are the applicable
17  guideline ranges for the offense:

18  4 to 10 months imprisonment if defendant's Criminal History Category is I;
19  6 to 12 months imprisonment if defendant's Criminal History Category is II;
20  8 to 14 months imprisonment if defendant's Criminal History Category is III;
21  12 to 18 months imprisonment if defendant's Criminal History Category is IV;
22  18 to 24 months imprisonment if defendant's Criminal History Category is V;
23  21 to 27 months imprisonment if defendant's Criminal History Category is VI.

24  a.   The defendant may withdraw from the plea agreement if he/she
25  receives a sentence in excess of 27 months imprisonment.

26  b.   The defendant may not move for any adjustments in Chapters Two,
27  Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing
28  Guidelines.

- 3 -

1              c.      The defendant may argue for a variance under 18 U.S.C. § 3553(a) in

2 support of a sentence request below the stipulated range in this agreement, and the

3 government may oppose the requested variance. The government, however, will not

4 withdraw from the agreement if the defendant argues for, and the Court grants, a variance

5 below the stipulated range in this agreement.

6       10.     The defendant understands that if the defendant violates any of the conditions

7 of the defendant's supervised release, the supervised release may be revoked.  Upon such

8 revocation, notwithstanding any other provision of this agreement, the defendant may be

9 required to serve a term of imprisonment or the defendant's sentence may otherwise be

10 altered.

11      11.     The defendant and the government agree that this agreement does not in any

12 manner restrict the actions of the government in any other district or bind any other United

13 States Attorney's Office.

14      12.     The defendant understands and agrees to cooperate fully with the United

15 States Probation Office in providing (a) all criminal history information, i.e., all criminal

16 convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e.,

17 present financial assets or liabilities that relate to the ability of the defendant to pay a fine

18 or restitution; (c) all history of drug abuse which would warrant a treatment condition as

19 part of sentencing; and (d) all history of mental illness or conditions which would warrant

20 a treatment condition as part of sentencing.

21      13.     If the Court, after reviewing this plea agreement, concludes any provision is

22 inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P.,

23 giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity

24 to withdraw defendant's guilty plea.

25                          Forfeiture

26      14.     Nothing in this plea agreement shall be construed to protect the defendant

27 from civil forfeiture proceedings or prohibit the United States from proceeding with and/or

28

- 4 -

1     initiating an action for civil forfeiture. Further, this agreement does not preclude the United

2     States from instituting any civil proceedings as may be appropriate now or in the future.

3     Waiver of Defenses and Appeal Rights

4          15.     Provided the defendant receives a sentence in accordance with this plea

5     agreement, the defendant waives (l) any and all motions, defenses, probable cause

6     determinations, and objections that the defendant could assert to the indictment or

7     information; and (2) any right to file an appeal, any collateral attack, and any other writ or

8     motion that challenges the conviction, an order of restitution or forfeiture, the entry of

9     judgment against the defendant, or any aspect of the defendant's sentencing-including the

10     manner in which the sentence is determined, the determination whether defendant qualifies

11     for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing

12     guideline determinations. The sentence is in accordance with this agreement if the sentence

13     imposed does not exceed 18 months imprisonment. The defendant further waives: (1) any

14     right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the

15     imposition of sentence upon defendant under Title 18, United States Code, Section 3742

16     (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested

17     variance; (4) any right to collaterally attack defendant's conviction and sentence under Title

18     28, United States Code, Section 2255, or any other collateral attack; and (5) any right to

19     file a motion for modification of sentence, including under Title 18, United States Code,

20     Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal

21     of any appeal or collateral attack the defendant might file challenging his/her conviction or

22     sentence in this case. If the defendant files a notice of appeal or a habeas petition,

23     notwithstanding this agreement, defendant agrees that this case shall, upon motion of the

24     government, be remanded to the district court to determine whether defendant is in breach

25     of this agreement and, if so, to permit the government to withdraw from the plea agreement.

26     This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

27     assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

28     II.B of Ariz. Ethics Op. 15-01 (2015)).

1

Reinstitution of Prosecution

2    16.    Nothing in this agreement shall be construed to protect the defendant in any
3    way from prosecution for perjury, false declaration or false statement, or any other offense
4    committed by the defendant after the date of this agreement.  In addition, if the defendant
5    commits any criminal offense between the date of this agreement and the date of
6    sentencing, the government will have the right to withdraw from this agreement.  Any
7    information, statements, documents and evidence which the defendant provides to the
8    United States pursuant to this agreement may be used against the defendant in all such
9    proceedings.

10    If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any
11    court in a later proceeding, the government will be free to prosecute the defendant for all
12    charges as to which it has knowledge, and any charges that were dismissed because of this
13    plea agreement will be automatically reinstated.  In such event, the defendant waives any
14    objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment
15    to the Constitution as to the delay occasioned by the later proceedings.  Defendant agrees
16    that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will
17    not be offered if prosecution is re-instituted.

18

Plea Addendum

19    17.    This written plea agreement, and any written addenda filed as attachments to
20    this plea agreement, contain all the terms and conditions of the plea. Any additional
21    agreements, if any such agreements exist, shall be recorded in a separate document and
22    may be filed with the Court under seal. Accordingly, additional agreements, if any, may
23    not be in the public record.

24

25

WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

26

Waiver of Rights

27    I have read each of the provisions of the entire plea agreement with the assistance
28    of counsel and understand its provisions.  I have discussed the case and my constitutional

- 6 -

and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

/ / /

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

On May 21, 2018, DEA investigators were conducting surveillance at 17217 West Caribbean Lane in Surprise, Arizona. Agents observed Shateria Morse depart the residence driving a Dodge Caravan. Agents followed the Dodge Caravan to a retail parking lot where they observed a woman walk up to the driver's side of the vehicle. Agents then observed Shateria Morse hand a manila envelope to the woman and exit the parking lot. The woman who received the envelope entered a black Kia Soul and left the area.

The woman in the Kia drove to a Walmart parking lot. A man exited the passenger side of the Kia and walked into the Walmart. The man approached the Walmart pharmacy counter and dropped off two prescriptions. DEA investigators obtained the two prescriptions and found they list a fictitious patient "Jessica Williams" and provider (Dr. B.B.) with an address at the Del City Medical Center at 2412 W Greenway Rd, Phoenix, Arizona. One prescription was for promethazine with codeine.

After departing the Walmart pharmacy, the man returned to the black Kia and drove to a nearby Safeway. He walked to the Safeway pharmacy counter and dropped off two additional prescriptions. DEA investigators obtained the two prescriptions and found they listed patient "Suzanne Williams" and the same provider (DR. B.B.). One prescription was for promethazine with codeine.

After departing the Safeway pharmacy, the man and woman in the Kia Soul were stopped by Phoenix Police Department (PPD) officers for a traffic violation. After observing an open container of alcohol in the car, PPD officers had the two step out of the vehicle. PPD Officers observed something in the waistband of the woman's pants and asked her to remove it. She removed a padded manila envelope from her waistband.

Inside the manila envelope, officers found 12 prescriptions - six for promethazine with codeine and six for penicillin. All 12 prescriptions list the provider name as Dr. B.B. at the Del City Medical Center at 2412 W Greenway Rd in Phoenix, Arizona - the same provider information listed on the prescriptions dropped off at the Walmart pharmacy and the Safeway pharmacy just minutes before. This is also the same clinic name and address found on several other forged promethazine with codeine prescriptions previously filled using Dr. B.B.'s name and DEA number. Agents later confirmed that these prescriptions were forged and were not issued by DR. B.B.

On May 14, 2018, Surprise Police Department conducted a trash pull at Shateria Morse' house. Several torn prescriptions were recovered that had the physician listed as Dr. B.B. with a Magic Jack phone number that lists Shateria Morse as the subscriber. All the torn prescriptions were printed on light blue Docuguard security paper. The paper matches Amazon's online image

1    of Docuguard Security paper for printing prescriptions which was ordered by Shateria Morse on
     April 9, 2018 and shipped to her at the W. Caribbean lane address.

2

3         On July 12, 2018 a federal search warrant was executed at Shateria Morse' residence.
     Agents recovered a stack of light blue Docuguard prescription stock paper. This is the same type
4    of paper ordered by Shateria Morse on April 9, 2018. Agents also recovered hand-written notes
     listing names, addressed, phone numbers, and prescription instructions for phenergan with codeine
5    and promethazine with codeine. Several other forged prescriptions were recovered. Agents also
     recovered a blue spiral notebook containing pharmacy names addresses and phone numbers.
6

7         Morse procured the doctors' DEA registration numbers, illegally manufactured the
     fraudulent prescriptions using these DEA registration numbers to obtain the controlled substances
8    and controlled the phone numbers listed for the doctors' offices on these prescriptions so she, or
     someone else, could pose as the doctor and "verify" the validity of these prescriptions if the
9    pharmacies called to check on them.

10        Shateria Morse now admits that she conspired to obtain codeine, a Schedule V controlled
11   substance, by fraud, misrepresentation, forgery, deception, and subterfuge; in violation of Title 21,
     United States Code, Sections 843(a)(3) and 846.

12

13

14   **T.S.**                Digitally signed
                             by T.S. Hartzell
     **Hartzell**            Date: 2021.06.25
15                           08:25:56 -07'00'
     _____     Shateria Morse
16   Date                    Defendant

17               DEFENSE ATTORNEY'S APPROVAL

18        I have discussed this case and the plea agreement with my client in detail and have

19   advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the

20   constitutional and other rights of an accused, the factual basis for and the nature of the

21   offense to which the guilty plea will be entered, possible defenses, and the consequences

22   of the guilty plea, including the defendant's waiver of the right to appeal. No assurances,

23   promises, or representations have been given to me or to the defendant by the government

24   or by any of its representatives which are not contained in this written agreement. I concur

25   in the entry of the plea as indicated above and on the terms and conditions set forth in this

26   agreement as in the best interests of my client. I agree to make a bona fide effort to ensure

27

28

that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

                                                  T.S. Hartzell
                                                  Digitally signed by T.S. Hartzell
                                                  Date: 2021.06.25 08:25:08 -07'00'

_____     Thomas Hartzell
Date                                Attorney for Defendant

## GOVERNMENT'S APPROVAL

    I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

                                                  GLEN B. McCORMICK
                                                  Acting United States Attorney
                                                    District of Arizona

                                                  CRAIG RUSSELL
                                                  Digitally signed by CRAIG RUSSELL
                                                  Date: 2021.04.22 10:30:18 -07'00'

_____     CRAIG H. RUSSELL
Date                                Assistant U.S. Attorney