T.S. HARTZELL
325 West Franklin Street, # 103
Tucson, Arizona 85701
(520) 792-8181
Arizona State Bar # 013862
Pima County Computer # 64555
tshart@dakotacom.net

Attorney for Defendant Morse

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:20-cr-00254-JGZ-BGM |
| vs. | ) | DEFENDANT'S SENTENCING MEMORANDUM |
| Shateria Morse, | ) | |
| Defendant. | ) | |

    Defendant Shateria Morse, through counsel, submits the following memorandum to assist the Court in determining and imposing an informed and just sentence.

The Offense

    The indictment charges Morse with a conspiracy to acquire a controlled substance by fraud, forgery and deception, a conspiracy beginning at a time unknown and continuing until August, 2018. Although the indictment charges some substantive crimes–overt acts in the conspiracy–Morse pled guilty only to this conspiracy of unknown duration.

    The goal of the conspiracy was to acquire promethazine syrup with codeine, sometimes sold under the brand name Phenergan. While the presentence report makes clear that Ms. Morse was addicted to the drug and supplying her own habit, she was acquiring additional amounts for sale.

    The conspiracy was geographically widespread, with arrests in Texas, Idaho, Illinois and Arizona. The states of Texas and Idaho charged Ms. Morse with offenses arising from her repeatedly using forged prescriptions to obtain the drug. Shateria Morse pled guilty in both

those states.

<u>What Is Promethazine with Codeine?</u>

Promethazine with codeine is a Schedule V narcotic; Schedule V contains drugs still meriting regulation, but with a low potential for abuse and widely recognized medical uses. To be included in Schedule V, a preparation containing codeine must have less the 0.2 grams of codeine per 100 grams of preparation. *See* 21 U.S.C. § 812.

Doctors have long prescribed codeine for pain relief and as a cough suppressant. One reason for its popularity is the lack of danger from overdose. As far back as 1951, codeine overdoes were considered "'rare,' 'not found' or 'unknown,'"[1]

The United States Sentencing Guidelines recognizes the general safety of Schedule V narcotics. No matter the quantity, the highest offense level for possession or sale of Schedule V narcotics is base offense level 8.[2]

<u>Shateria Morse</u>

At first glance, Ms. Morse looks to be well-acquainted with cops, courts and jails. But a more thorough examination reveals much of Ms. Morse's history is part of the same conspiracy for which she is to be sentenced by this Court. Her conviction in Idaho, ¶ 46, and the one in Texas, ¶ 45, could be charged as overt acts during the conspiracy to which Shateria Morse pled guilty.

The convictions in Chicago, all for misdemeanors, are less serious than they appear at first glance.[3] ¶¶ 38 - 41, all vehicle-related offenses, were sentenced on the same date to the

---

[1] V. Cornell, "Codeine Poisoning, Fatal Dose from Accidental Overdose," *Annals of Internal Medicine*, May, 1951 [internal citations omitted].

[2] U.S.S.G. § 2D1.1(c)(8)(B) and (D).

[3] Counsel requested records from the Cook County Circuit Court but never received any. The presentence report shows the probation office, too, requested records from the same court and got nothing.

2

same sentence. Without cooperation from Cook County Circuit Court, it is impossible to say whether these paragraphs detail four separate cases, or one case dismissed and re-filed. The conviction detailed in ¶ 43 is also suspect. If the presentence report is to be believed, the sentence occurred nine days after the arrest. Finally, one count of driving with a suspended license, ¶ 44, results in a page of documentation of three years in and out of court.

Shateria Morse's actual criminal history is over-represented. Her only felonies are part of the same codeine prescription scam to which she pled guilty. Her other cases are primarily traffic offenses.

Ms. Morse grew up while her father was in prison and, after her mother died, took over raising her brother. At the same time, she was a single parent to her child, Cortez. Since her arrest in Idaho, both her brother and child have been living with an aunt. Ms. Morse, when released, hopes to rejoin her extended family in Chicago at her aunt's house.

Shateria Morse plans to become a substance abuse counselor. Her addiction devastated her life and relationships and she wishes to use her experience to help others avoid the same fate.

<u>An Appropriate Sentence</u>

Ms. Morse takes issue with the arrest date listed in the presentence report, as she was arrested on the first writ on March 6, 2021. Emails from the United States Marshall's Service show Ms. Morse waiting in Boise County Jail on March 16, 2021 with an airlift scheduled for March 19, 2021. This Court held an initial appearance for Shateria Morse on April 14, 2021. Clearly, Ms. Morse has been in custody on this Court's writ for at least a month longer than indicated in the presentence report.

Further as the government admits, much of the time Ms. Morse spent in custody in the Idaho Department of Corrections was a result of the indictment and prosecution in the District of Arizona. As the indictment in this case was returned on January 15, 2020, Ms. Morse submits to this Court that approximately an additional year imprisoned in Idaho resulted from this prosecution.

Looking at the Ms. Morse's unique situation and the sentencing factors of 18 U.S.C.

3553, a sentence of time served would fit the statutory requirements. Shateria is ready to start a new life; she needs no additional deterrence. She has gained respect for the law from realizing the remarkable lengths she went to in order to have enough drugs, and how it hurt her and those who depend upon her. She sees now the reasons for law and punishment and how both apply to her. She is eager to help other women avoid the same torturous route she took to self-knowledge.

Given Shateria's desire to be a drug addiction counselor, the public would benefit from her freedom; it certainly needs no protection from her. More time in prison is not needed for general deterrence: Shateria Morse's three cases here, in Idaho and in Texas would easily convince an observer that this is a path to be avoided.

Shateria Morse's need for treatment can be best addressed as a condition of supervised release. Any other training and education can be found though supervision as well.

Conclusion

This conspiracy to obtain codeine syrup though fraud spanned multiple states and many years. Ms. Morse has been paying the price for her crimes for well over four years, since she was sentenced in Idaho. Finally, realization has set in that she must change, as that lifestyle yields nothing but prison and disappointment.

Shateria Morse asks this Court to impose a sentence of time served, with supervised release to follow.

Dated September 7, 2021.

/s T.S. Hartzell
T.S. Hartzell,
Attorney for Shateria Morse